IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CHRISTOPHER PIPPEN**                                                        **PLAINTIFF**
**#44856**

v.                              No: 3:19-cv-00173 PSH

**MARTY BOYD,** *et. al*                                                      **DEFENDANTS**

**MEMORANDUM AND ORDER**

**I. Introduction**

Plaintiff Christopher Pippen filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 5, 2019, while incarcerated at the Craighead County Detention Center ("CCDC"). Doc. No. 2. Pippen complained of moldy and unsanitary jail conditions. *Id.* Pippen was instructed to, and did, file an amended complaint. Doc. Nos. 5 & 6. In his amended complaint, Pippen complained about dirty sleeping mats covered in black mold and mildew, toilet water leaking onto eating tables and sleeping areas, black mold growing on the ceiling, walls, and AC units, unsanitary food trays, dead mice on the serving lines, and backed up sinks in the kitchen. Doc. No. 6 at 4-5. He requested testing for lungs and back pain and asked that his criminal charges be dropped. *Id.* at 6. The Court recommended that Pippen be allowed to proceed with his unsanitary conditions claims, and that his claim requesting his criminal charges be dropped be dismissed. Doc. No. 8. The Court's recommendations were subsequently adopted. Doc. No. 13. Meanwhile, service was ordered and obtained on the remaining defendants. Doc. Nos. 7, 9 – 12.

On October 11, 2019, the defendants filed a motion for summary judgment, a brief in support, and a statement of facts, claiming that Pippen had not exhausted his claims against them before he filed this lawsuit. Doc. Nos. 19-21. Despite the Court's order notifying Pippen of his opportunity to file a response and statement of disputed facts, he did not do so. Doc. No. 22. Because Pippen failed to controvert the facts set forth in defendants' statement of undisputed facts, Doc. No. 21, those facts are deemed admitted. *See* Local Rule 56.1(c). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such

that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

Defendants argue that they are entitled to summary judgment because Pippen failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 20. In support of their motion for summary judgment, defendants submitted an affidavit by Assistant Jail Administrator Todd Harrell (Doc. No. 21-1); Pippen's Arrest and Booking

3

Sheet (Doc. No. 21-2); grievances and requests filed by Pippen during his incarceration at CCDC (Doc. No. 21-3); Pippen's medical file (Doc. No. 21-4); and a copy of the CCDC's grievance policy (Doc. No. 21-6).

The CCDC has a grievance procedure in place for inmates to complain about alleged constitutional violations, including, but not limited to, those concerning the conditions of confinement. Doc. No. 21-6 at 1-2. That policy requires an inmate who wishes to express a grievance to complete a CCDC complaint form clearly describing all relevant facts and requests. *Id.* That form is to be delivered to any staff member for delivery to the jail administrator or his designee promptly. *Id.* The policy further requires grievances to be reviewed immediately upon receipt to determine urgency. *Id.* Absent an emergency, grievances are to be investigated and resolved within a reasonable time. *Id.* The inmate is to be informed of the disposition of a non-emergency grievance within ten working days. *Id.* An inmate may appeal any response to the sheriff, who is required to respond in writing. *Id.* Finally, all grievances and responses are required to be placed in the inmate's jail file. *Id.*

The records provided by Harrell show that Pippen submitted only one grievance while he was incarcerated at CCDC.[1] *See* Doc. Nos. 21-1 & 21-3. That grievance was submitted on June 6, 2019, after this lawsuit was filed. *Id.* The grievance complained that

---

[1] Pippen also filed multiple sick call requests while he was jailed at the CCDC in both 2018 and the month he was there before he filed this lawsuit. Doc. No. 21-4 (medical file); Doc. Nos. 21-2 (booking sheet) & 2 (complaint). During the month before he filed this lawsuit he complained of lower back pain, constipation, sneezing, a runny nose, and itching eyes, and requested to use toe nail clippers. Doc. No. 21-4 at 7-9.

4

"the ceiling leaks water on us when we go to use the bathroom and there is mold on everything the air don't work could you please fix these issues soon thank you." *Id.* The officer on duty responded, asking if he needed to move Pippen to another barracks. *Id.* Pippen responded "NO U DON'T THANK YOU FOR MOVING ME IN HERE." *Id.*; Doc. No. 21-1 at 1-2. Pippen did not appeal his grievance to the sheriff. *Id.* at 5.

Pippen's grievance, while related to the allegations of his complaint, does not serve to exhaust his claims in this lawsuit. First, the grievance was submitted one day after Pippen's complaint was filed. The PLRA requires exhaustion of grievances before an inmate files suit. That did not occur here. Second, Pippen did not comply with CCDC's exhaustion policy because he did not appeal his grievance to the sheriff. Pippen's failure to comply with CCDC's grievance procedures must result in a finding that he did not properly exhaust his administrative remedies. The Court therefore finds that Pippen did not exhaust available administrative remedies before he filed this lawsuit, and the defendants are entitled to summary judgment.

## IV. Conclusion

Pippen did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, the defendants' motion for summary judgment (Doc. No. 19) is granted, and Pippen's claims are hereby dismissed without prejudice.

DATED this 6th day November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE